IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAUNE MOURA RANGEL DE OLIVEIRA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-cv-02182-M |
| MICHELLE MONTGOMERY, in her official capacity as District Director of the Dallas Field Office of U.S. Citizenship and Immigration Services, | § § § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Fees and Expenses Under the Equal Access to Justice Act. ECF No. 60. For the reasons stated below, the Motion is **DENIED**.

**I. BACKGROUND**

In 2022, Plaintiff Raune Moura Rangel de Oliveira filed a Complaint against Defendant, Michelle Montgomery, in her official capacity as Director of the Dallas Field Office of U.S. Citizenship and Immigration Services, seeking among other claims *de novo* review of the denial of naturalization pursuant to 8 U.S.C. § 1447(b). In April 2024, the Court conducted a non-jury trial, during which the Court received evidence and heard testimony. On June 20, 2024, the Court entered its Findings of Fact and Conclusions of Law, determining that Oliveira was lawfully admitted for permanent residence and that his application for naturalization should be promptly granted by Defendant. On July 10, 2024, the Court entered Final Judgment on behalf of Oliveira. Oliveira seeks attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA").

## II. LEGAL STANDARD

The EAJA provides that federal courts shall award fees to a prevailing private party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To avoid the imposition of fees, the government bears the burden of demonstrating that its position was "justified to a degree that could satisfy a reasonable person." *Nkenglefac v. Garland*, 64 F.4th 251, 253 (5th Cir. 2023) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government has the burden to prove that its position was substantially justified "at all stages of the litigation." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citations omitted). That includes both the administrative proceedings and the civil action seeking review. *See* 28 U.S.C. § 2412(d)(2)(D). The Court must examine the "underlying decisions" of the agency and "the government's litigation position defending the agency action," to adjudicate a dispute over whether the government's position was substantially justified. *Nkenglefac*, 64 F.4th at 253. The government's loss in a case does not automatically give rise to an EAJA award. *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987).

The Court evaluates the government's position under the totality of the circumstances. If the "government's position as a whole was reasonable, a prevailing party may not recover EAJA fees even though some of the government's actions or arguments were without merit." *W.M.V.C. v. Barr*, 926 F.3d 202, 210 (5th Cir. 2019); *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."). If the government can show that its position has a reasonable basis both in law and in fact, fees should be denied. *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987).

### III.  ANALYSIS

Oliveira requests a total of $61,733 in attorney's fees and expenses, arguing that the government's position was not substantially justified. The government disagrees, but does not argue for special circumstances. The government also disputes the reasonableness of Oliveira's requested fees if the Court decides fees should be awarded.

Considering the totality of circumstances, the Court concludes that the government's position was substantially justified. Although the Court found by a preponderance of the evidence that Oliveira and Vanessa Kahsai did not have a sham marriage, that finding is not dipositive of the issue of whether the government's position was substantially justified. The Court considers this to have been a close case, and it reached its final decision only after careful assessment of every piece of evidence before it. *See* ECF No. 57. The government's position, at all stages of litigation, had a reasonable basis in law and fact, warranting denial of Oliveira's request for fees and expenses under EAJA.

Oliveira contends that USCIS acted unreasonably when it did not subpoena Kahsai, despite his request that USCIS compel her appearance at his administrative hearing, citing to 8 C.F.R. § 336.2(b)). *See* ECF No. 49 at 18 ¶ 112. He argues her testimony was important, because the government found that Oliveira entered into a marriage with Kahsai solely to obtain immigration benefits. ECF No. 62 at 7.

The government does not contest that the agency departed from its procedural rules when it did not subpoena Kahsai. ECF No. 62 at 13. USCIS should have subpoenaed Kahsai to attend Oliveira's administrative hearing, but that is not dispositive of the issue before the Court. *See W.M.V.C.*, 926 F.3d at 210 (the government's position as a whole can be reasonable, "even though some of the government's actions or arguments were without merit"). Even if Kahsai

had testified at his administrative hearing, Oliveira overlooks the relevant evidence that supported USCIS's decision.

Based on the discrepancies in Oliveira's statements throughout the administrative process, errors on the forms he filed in support of his application for adjustment of status, as well as the lack of documentation supporting the validity of his marriage, USCIS reasonably determined that the Plaintiff could not overcome the grounds for the previous denial of his naturalization application. *See Nkenglefac*, 64 F.4th at 253.

The Court concludes that the government has demonstrated that its position in this litigation was justified to a degree that could satisfy a reasonable person. *Nkenglefac*, 64 F.4th at 253. As a result, Oliveira should not recover EAJA fees, and his Motion for Fees and Expenses Under the Equal Access to Justice Act is **DENIED**.

**SO ORDERED**.

November 12, 2024.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

4